IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3029-FL

| | |
|---|---|
| CHRISTOPHER PAUL SAVAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, BUREAU ) | |
| OF PRISONS, WARDEN D.R. STEPHENS, ) | |
| DR. REBECCA E. PERKINS, REBEKAH C. ) | |
| NELSON, DR. FREIMAN-FOX, DR. ) | |
| PAMELA D. LEWIS, LIEUTENANT ) | |
| GREGORY, BILL LOWERY, CAPTAIN ) | |
| AARON GREENFIELD, DR. JUDE O. ) | |
| ONUOHA, and P. MCGILVEARY, ) | |
| ) | |
| Defendants. ) | |

Plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672. The matter comes before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court is plaintiff's motion for the court to provide photocopies (DE # 5) and motion to have the United States Marshal serve the summons and complaint (DE # 8). These motions are ripe for adjudication.

The court first addresses plaintiff's motion for the court to provide him with free photocopies of the documents necessary to proceed with this action. Indigent inmates do not have a constitutional right to free photocopies. See Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1991); Harrell v. Keohane, 621 F.2d 1059, 1061 (10th Cir. 1980); Ferola v. Director, South Carolina Dept.

of Corrections, No. 0:03-2918, 2006 WL 2475396, at *11 (D.S.C. Aug. 24, 2006), aff'd, 213 F. App'x 224 (4th Cir. 2007). Where plaintiff does not have a constitutional right to free photocopies, the court DENIES plaintiff's motion. However, for good cause shown, the court ALLOWS plaintiff's alternative request for an extension of time to provide the documents necessary to proceed with this action. Plaintiff shall have until August 25, 2011, to provide the court with the documents referenced in his motion.

The court next turns to its frivolity determination. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B). Because it does not clearly appear from the face of the complaint that plaintiff is not entitled to relief, this matter is ALLOWED to proceed.

Finally, the court turns to plaintiff's motion for issuance of summons for service of process by the United States Marshals Service. The Clerk of Court will issue the summons upon plaintiff's provision of the appropriate number of copies, as referenced in the court's order of February 10, 2011. At that time, the Clerk of Court will direct the United States Marshals Service to serve a copy of the summons and complaint on defendants. Based upon the foregoing, plaintiff's motion is DENIED as premature.

SO ORDERED, this 7th day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

2